UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HOMETAP INVESTMENT PARTNERS III SPV, LLC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1–10,<br><br>                    Defendants. | No. X:XX-cv-XXXX<br><br>NOTICE OF REMOVAL<br><br>*[Removed from the Superior Court of the State of Washington for King County, Case No. 26-2-06184-0 SEA]* |

TO: Clerk, United States District Court for the Western District of Washington

AND: Richard and Romy Hoffman, by and through their counsel of record

Through this Notice, Defendants Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLC (collectively, "Hometap" or "Defendants"), remove to this Court the above-captioned lawsuit, originally filed as Case No. 26-2-06184-0 SEA in the Superior Court of Washington for King County. Defendants remove this case pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, on the grounds set forth below.

## I.    FACTS AND PROCEDURAL HISTORY

1.    On February 18, 2026, Plaintiffs Richard and Romy Hoffman ("Plaintiffs" or "Hoffmans") filed a Class Action Complaint (the "Complaint") in King County Superior Court, Case No. 26-2-06184-0 SEA. The Complaint is attached hereto as **Exhibit A**, as required by LCR 101(b).

NOTICE OF REMOVAL – 1
(No.: X:XX-cv-XXXX)

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA  98154
Telephone: 206.336.5000

2. Plaintiffs purport to bring claims on behalf of themselves and a putative class of "[a]ll persons who have entered into an Option Purchase Agreement with Hometap on a property located in Washington." Compl. ¶ 74.

3. The Complaint asserts six claims for relief: (1) per se violations of the Washington Consumer Protection Act ("CPA"), RCW ch. 19.86, through alleged violations of the Consumer Loan Act ("CLA"), RCW ch. 31.04; (2) violation of the CPA for alleged unfair acts or practices; (3) violation of the CPA for alleged deceptive acts or practices; (4) injunctive relief under the CPA on behalf of Washington consumers; (5) declaratory relief that the Option Purchase Agreement is unconscionable; and (6) declaratory relief that the fee-shifting provision in the Deed of Trust Security Agreement is unenforceable. Compl. ¶¶ 83–137.

4. The Complaint seeks, among other forms of relief, actual damages, treble damages under the CPA, attorneys' fees and costs, injunctive relief, rescission or reformation of the Option Purchase Agreements, and prejudgment interest. Compl., Prayer for Relief ¶¶ A–I.

5. On March 4, 2026, Plaintiffs served the Summons and Complaint on Hometap Equity Partners, LLC through its registered agent, CT Corporation System, in Olympia, Washington. All other process, pleadings, or orders served on Defendants or filed in the state court in this action are attached to the Verification of State Court Records filed with this Notice of Removal, as required by 28 U.S.C. § 1446(a).

6. This Notice of Removal is filed within 30 days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b)(1).

## II. GROUNDS FOR REMOVAL

7. This action lies within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. CAFA grants this Court original jurisdiction over class actions when: (1) the proposed class has at least 100 members; (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; (3) at least one plaintiff class member is a citizen of a state different from any defendant (i.e., minimal diversity); and (4) the defendants are not states, state officials, or other

NOTICE OF REMOVAL – 2
(No.: X:XX-cv-XXXX)

governmental entities. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(A)–(B), (d)(6). Each element is satisfied here.

**A. This Action Is a Proposed "Class Action."**

8.    Plaintiffs purport to bring this case on behalf of themselves and a putative class pursuant to Washington Civil Rule 23, the state analog to Rule 23 of the Federal Rules of Civil Procedure. Compl. ¶ 74. As such, this action is a proposed "class action" within the meaning of CAFA. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action").

**B. The Putative Class Has More Than 100 Members.**

9.    To be eligible for removal under CAFA, a putative class action must contain at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Here, the Complaint alleges that "[a] non-exhaustive search of public records in King County, Washington shows approximately 234 deeds of trust recorded in favor of Hometap in King County alone," and that "there are likely hundreds of members of the proposed Class." Compl. ¶ 75. The Complaint further alleges that "on information and belief, there are more than 100 members of the proposed Class." Compl. ¶ 76. While Defendants dispute whether any class meeting this or any other definition satisfies the requirements for certification, based on Plaintiffs' own allegations, the proposed class contains more than 100 members. CAFA's numerosity requirement is therefore satisfied.

**C. Minimal Diversity Is Satisfied.**

10.    CAFA requires only minimal diversity—that is, removal is proper if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11.    Plaintiffs Richard and Romy Hoffman allege that they are natural persons residing at 26 M Cascade Dr., Hat Island, Washington 98206. Compl. ¶ 8. The proposed class is defined as "[a]ll persons who have entered into an Option Purchase Agreement with Hometap on a property

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA  98154
Telephone: 206.336.5000

located in Washington." Compl. ¶ 74. Accordingly, at least one member of the putative class is a citizen of Washington.

12. Defendant Hometap Investment Partners III SPV, LLC is a limited liability company organized under the laws of Delaware. Defendant Hometap Equity Partners, LLC is also a limited liability company organized under the laws of Delaware. Both entities maintain their principal place of business in Boston, Massachusetts. Compl. ¶ 9 (identifying both entities as "Delaware corporations with principal places of business in Boston, Massachusetts"); *see also* **Exhibit B**, CT Corporation Service of Process Transmittal (identifying Hometap Equity Partners, LLC with domestic state of Delaware and principal address at 361 Newbury Street, Floor 5, Boston, MA 02115).

13. For purposes of CAFA, an "unincorporated association," including a limited liability company, "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Goddard v. Jubilant Hollisterstier, LLC*, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023) ("The Court finds that Defendant, as a limited liability company, is an 'unincorporated association' under CAFA whose dual citizenship is determined by location of the princip[al] place of business and location under whose laws it is organized." (citing 28 U.S.C. § 1332(d)(10)); *see also Abrego v. Dow Chem. Co*, 443 F.3d 676, 684 (9th Cir. 2006) (CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members[.]" (internal quotation marks omitted)). Accordingly, Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLC are each citizens of Delaware (the state under whose laws they are organized) and Massachusetts (the state where they maintain their principal place of business) for CAFA purposes. Neither Defendant is a citizen of Washington under § 1332(d)(10).

14. Because the named Plaintiffs and the proposed class members are citizens of Washington, and because both Defendants are citizens of Delaware and Massachusetts under 28

NOTICE OF REMOVAL – 4
(No.: X:XX-cv-XXXX)

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA 98154
Telephone: 206.336.5000

U.S.C. § 1332(d)(10), minimal diversity exists between the parties, satisfying 28 U.S.C. § 1332(d)(2)(A).

**D. The Aggregate Amount in Controversy Exceeds $5,000,000.**

15. CAFA allows removal when the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). At the removal stage, the notice of removal "need not contain evidentiary submissions" but need only include "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (if contested, the removing party must demonstrate the aggregate amount exceeds $5 million by a preponderance of the evidence).

16. The aggregate amount in controversy in this case exceeds $5,000,000, based on the following analysis of Plaintiff's alleged actual damages, treble damages, and attorneys' fees.

**1. Actual Damages.**

17. The Complaint alleges that Plaintiffs' injuries "consist of the transaction fees they paid to Hometap and the impairment to their property rights created by the Option Purchase Agreement and Hometap's deed of trust on their home." Compl. ¶¶ 112, 121. For the Hoffmans specifically, the Complaint identifies an Investment Fee of $5,370, an appraisal fee of $2,875, and "over $1,000 in other fees and costs at closing." Compl. ¶¶ 58, 60. The Complaint alleges the Hoffmans were also required to pay off their second mortgage of $61,200 and received a net payment of $108,220.35 on a $179,000 "Investment Amount," reflecting an effective cost to the Hoffmans of over $70,000 in fees and mandatory payoffs. Compl. ¶¶ 59, 61. The Complaint further alleges that the Hoffmans' Option Purchase Agreement required them to pay Hometap between 41.435% and 49.722% of their home's value upon settlement, despite having received only 29.833% of their home's appraised value. Compl. ¶ 59.

18. Assuming each of the at least 234 class members identified in the Complaint's King County public records search incurred comparable transaction fees of approximately $9,000 or more, the base actual damages across the putative class would exceed $2,100,000. This is a

NOTICE OF REMOVAL – 5
(No.: X:XX-cv-XXXX)

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA 98154
Telephone: 206.336.5000

conservative estimate, as the class likely extends well beyond King County and the Complaint alleges that the proposed class encompasses "hundreds" of members statewide. Compl. ¶ 75.

### 2. Treble Damages Under the CPA.

19.     The Complaint seeks treble damages under the Washington CPA. *See* Compl., Prayer for Relief ¶ E (requesting "[t]reble damages under the CPA"); Compl. ¶ 125 (citing RCW 19.86.090). Under RCW 19.86.090, a court may "increase the award of damages up to an amount not to exceed three times the actual damages sustained," subject to a cap of $25,000 per violation for claims arising under RCW 19.86.020. *See* Compl. ¶ 84 (alleging that violations of the CLA constitute per se violations of RCW 19.86.020). The Complaint asserts three separate CPA claims (per se violations through the CLA, unfair acts or practices, and deceptive acts or practices), each of which independently seeks treble damages. Compl. ¶¶ 103, 113, 122.

20.     Treble damages are properly included in an amount-in-controversy calculation. In *Dawsey v. Travelers Indem. Co.*, No. 3:15-CV-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (where a plaintiff asserts a CPA claim, treble damages are "put 'in play'" and must be included in the amount-in-controversy calculus); *see also Briggs v. Serv. Corp Int'l*, 653 F. Supp. 3d 839, 843 (W.D. Wash. 2023) (amount in controversy calculated based on all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails).

21.     If each of the (at least) 234 putative class members in King County alone is entitled to seek the statutory maximum of $25,000 in treble damages for even a single CPA violation, the aggregate CPA damages would amount to $5,850,000—already exceeding the CAFA threshold before accounting for attorneys' fees. The Complaint asserts multiple independent CPA violations, further increasing the potential recovery. Moreover, because the class definition extends statewide to all persons who entered into an Option Purchase Agreement with Hometap on a property located in Washington, the actual class likely well exceeds 234 members.

### 3. Attorneys' Fees.

22.     The Complaint seeks "attorneys' fees and costs of suit." Compl., Prayer for Relief ¶ G. RCW 19.86.090 authorizes a prevailing plaintiff in a CPA action to recover "a reasonable

NOTICE OF REMOVAL – 6
(No.: X:XX-cv-XXXX)

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA  98154
Telephone: 206.336.5000

attorney's fee." Attorneys' fees recoverable by statute are properly included in the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing attorney's fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

23.    The Ninth Circuit recognizes a 25% benchmark of total class recovery as a reasonable estimate for attorneys' fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Dawsey*, 2015 WL 4394545, at *3 (applying the 25% benchmark). Applying the 25% benchmark to the total CPA damages yields a substantial additional amount. *See, e.g.*, *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *3 (W.D. Wash. May 3, 2013), *aff'd* (Sept. 9, 2023) (awarding $1,887,792.91 in attorneys' fees in a CPA class action where jurisdiction was based on diversity under CAFA).

### 4. Summary of Amount in Controversy.

24.    Even using the most conservative assumptions—limiting the class to the 234 members identified in King County and considering treble damages for only a single CPA violation—the aggregate amount in controversy exceeds $5,000,000 by a wide margin. When the class is expanded to encompass the full statewide class described in the Complaint, and when the multiple CPA violations alleged in the Complaint are considered, the amount in controversy is plausibly several times the CAFA threshold. CAFA's amount-in-controversy requirement is therefore readily satisfied. Accordingly, the amount in controversy requirement is satisfied, which renders this matter properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(b).

### E. The Defendants Are Not Government Entities.

25.    Both Defendants are limited liability companies. They are not states, state officials, or governmental entities of any sort. 28 U.S.C. § 1332(d)(5)(A).

NOTICE OF REMOVAL – 7
(No.: X:XX-cv-XXXX)

**McGuireWoods LLP**
Safeco Plaza
1001 Fourth Avenue
Seattle, WA  98154
Telephone: 206.336.5000

## F. No CAFA Exception Applies.

26.     Neither the mandatory home-state controversy exception, 28 U.S.C. § 1332(d)(4)(B), nor the discretionary local controversy exception, 28 U.S.C. § 1332(d)(3), precludes this Court's jurisdiction. Both exceptions require, among other things, that at least one "primary defendant" be a citizen of the state in which the action was originally filed. Under 28 U.S.C. § 1332(d)(10), both Defendants are citizens of Delaware and Massachusetts—not Washington—and neither exception is triggered.

## III.    REMOVAL IS TIMELY AND PROCEDURALLY PROPER

27.     Plaintiffs served the Summons and Complaint on Hometap Equity Partners, LLC through its registered agent, CT Corporation System, on March 4, 2026. *See* **Exhibit B**. This Notice of Removal is filed within 30 days of that service, as required by 28 U.S.C. § 1446(b)(1). Removal is therefore timely.

28.     Both named Defendants consent to this removal. The Doe Defendants (Does 1–10) are fictitious, unserved parties whose consent is not required. 28 U.S.C. § 1446(b)(2)(A); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

## IV.    INTRADISTRICT ASSIGNMENT

29.     Removal to the Seattle Division of the Western District of Washington is appropriate because the allegations in the Complaint indicate that Plaintiffs' claims arose in King County, Compl. ¶ 7, and because that division encompasses the place where the state court action is pending. LCR 3(d); 28 U.S.C. §§ 128, 1441(a).

## V.    REQUIRED FILINGS AND NOTICES

30.     In accordance with LCR 101(b), Defendants have filed contemporaneously with this Notice of Removal a copy of the operative Complaint and all additional records and proceedings in the state court proceeding. *See* **Exhibit A**.

31.     All process, pleadings, and orders served on Defendants or filed in the state court action are attached to the Verification of State Court Records filed with this Notice of Removal, as required by 28 U.S.C. § 1446(a).

NOTICE OF REMOVAL – 8
(No.: X:XX-cv-XXXX)

32. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being promptly served on Plaintiffs and their counsel of record, and a copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court.

33. Defendants have also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

## VI. RESERVATION OF RIGHTS

34. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense, including but not limited to any challenge to the sufficiency of service of process, personal jurisdiction, or venue, or any substantive defense to the claims asserted in the Complaint. Defendants reserve the right to assert all applicable claims and defenses in response to the Complaint.

35. Defendants specifically deny any and all liability alleged in the Complaint. Nothing herein constitutes an admission of the truth of any allegation in the Complaint, and Defendants expressly reserve the right to contest class certification, the merits of Plaintiffs' claims, and the availability of any form of relief sought by Plaintiffs.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

Dated: April 2, 2026

Respectfully submitted,

/s/ *Monique Wirrick*
Monique Wirrick, WSBA No. 34093
MCGUIREWOODS LLP
Safeco Plaza
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795
Email: mwirrick@mcguirewoods.com

*Attorney for Defendants Hometap
Investment Partners III SPV, LLC and
Hometap Equity Partners, LLC*

NOTICE OF REMOVAL – 9
(No.: X:XX-cv-XXXX)

**VERIFICATION**

Pursuant to Western District of Washington Local Rule 101(b), the undersigned counsel for Defendants hereby verifies that the pleadings and other documents attached hereto as **Exhibit A** are true and complete copies of all the documents in the state court proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2026

Respectfully submitted,

/s/ *Monique Wirrick*
Monique Wirrick, WSBA No. 34093
MCGUIREWOODS LLP
Safeco Plaza
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795
Email: mwirrick@mcguirewoods.com

*Attorney for Defendants Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLC*

NOTICE OF REMOVAL – 10
(No.: X:XX-cv-XXXX)

McGuireWoods LLP
Safeco Plaza
1001 Fourth Avenue
Seattle, WA 98154
Telephone: 206.336.5000

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I caused a true and correct copy of the foregoing Notice of Removal to be served on the following parties in the manner indicated:

| Beth E. Terrell, WSBA #26759<br>Blythe H. Chandler, WSBA #43387<br>Elizabeth A. Adams, WSBA #49175<br>Eleanor Eagan, WSBA #64463<br>Terrell Marshall Law Group PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98101<br><br>bterrell@terrellmarshall.com<br>bchandler@terrellmarshall.com<br>eadams@terrellmarshall.com<br>eeagan@terrellmarshall.com<br><br>*Attorneys for Plaintiffs* | ____ Via hand delivery<br>_X_ Via U.S. Mail, 1st Class, Postage Prepaid<br>____ Via Overnight Delivery<br>____ Via Facsimile<br>_X_ Via Email<br>____ Other: _____ |
|---|---|

Dated: April 2, 2026

Respectfully submitted,

/s/ *Monique Wirrick*
Monique Wirrick, WSBA No. 34093
MCGUIREWOODS LLP
Safeco Plaza
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795
Email: mwirrick@mcguirewoods.com

*Attorney for Defendants Hometap
Investment Partners III SPV, LLC and
Hometap Equity Partners, LLC*

NOTICE OF REMOVAL – 11
(No.: X:XX-cv-XXXX)