# Exhibit A

FILED
2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

**KING COUNTY SUPERIOR COURT**

**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

**(CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____

(Provided by the Clerk)

**CASE CAPTION: <u>Rick Hoffman and Romy Hoffman v. Hometap Investment Partners III SPV, LCC;
Hometap Equity Partners, LLC; and Does 1-10</u>**

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

Please mark one of the boxes below:

☒    **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐    **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_/s/ Elizabeth A. Adams, WSBA #49175_____        February 18, 2026_____
Signature of Attorney          WSBA Number              Date

or

_____        _____
Signature of person who is starting case              Date

_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL
Please check the category that best describes this case.

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Foreign Judgment (from another State or Country) (FJU 2)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

☐ Subdivision Election Process Review (SER 2)*

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

Civil CICS 03/2025

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4/24/130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4/24/130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

Civil CICS 03/2025

☐ Consumer Protection Act (CPA 2)*

(Complaint involving unfair and deceptive acts or practices.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Employment (EMP 2)*

(Complaint regarding compliance with public employers sharing employee information with bargaining representatives.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☒ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

☐ Prorate Fuel Tax Subpoena (PFT 2)

(Subpoena-Actions filed under Chapt. 82.42 RCW for exparte orders for fuel tax collection violation investigation subpoenas.)

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

Civil CICS 03/2025

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Civil CICS 03/2025

FILED
2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| HOFFMAN | No. 26-2-06184-0  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| HOMETAP INVESTMENT PARTNERS III SPV, LCC | (CICS) |

**CAUSE OF ACTION**

MSC - Miscellaneous

**AREA OF DESIGNATION**

SEA        Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

IN THE SUPERIOR COURT OF THE STATE WASHINGTON
COUNT OF KING

| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated, | NO. |
|---|---|
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10; | |
| Defendants. | |

## I.    INTRODUCTION

1.    For many Americans, their home is their financial anchor. A person's home is often the product of years of savings, a source of security and stability when times get tough, and the primary legacy they will leave to their children. For that reason, state and federal law create strong protections for homeowners in the field of mortgage lending, where people's homes are on the line. And these laws were further strengthened after the 2008 financial crisis wrought devastation across the country, exposing the dangers of increasingly complex mortgage products with risks that homeowners did not adequately understand until it was too late. These laws now include caps on interest rates, disclosure rules, licensing requirements, and the right to seek recourse in court, rather than being forced into mandatory arbitration.

CLASS ACTION COMPLAINT - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.      These safeguards are crucial for homeowners. But some companies would prefer not to follow these rules. Hometap, the defendant here, is one such company. Hometap has designed a complex mortgage product that poses greater risks than more traditional mortgages, but purports to be exempt from laws protecting homeowners.

3.      All across the country, thousands of homeowners have been ensnared by this complex and confusing product. That is the situation for Rick and Romy Hoffman. When they were unable to work and needed money for living expenses and medical bills, the Hoffmans looked for options and ultimately found Hometap's product. Desperate for money, the Hoffmans entered into an Option Purchase Agreement with Hometap on their Hat Island, Washington home.

4.      While Hometap's product and business practices violate Washington state mortgage laws, Hometap claims that it doesn't have to follow any of these laws because its product is not a mortgage loan. Hometap is wrong. No matter what label Hometap affixes to its product, it is a mortgage loan. Hometap's product works by providing homeowners with an advance of money, receiving security through a mortgage on their home, and then requiring payment within 10 years or less. That is a mortgage loan.

5.      The Hoffmans bring this lawsuit on behalf of themselves and all other similarly situated Washington homeowners to vindicate their rights under Washington law.

## II.      JURISDICTION AND VENUE

6.      Jurisdiction. This Court has jurisdiction over this matter under RCW 2.08.010 because the demand exceeds three hundred dollars.

7.      Venue. Venue is proper in King County under RCW 4.12.025 because Hometap transacts business in King County.

## III.      PARTIES

8.      Plaintiffs Richard and Romy Hoffman are natural persons residing at 26 M Cascade Dr., Hat Island, Washington 98206. In 2022, the Hoffmans entered into an "Option Purchase Agreement" with Hometap that was secured by their residence.

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9.      Defendants Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLP (collectively, "Hometap") are Delaware corporations with principal places of business in Boston, Massachusetts. Hometap was founded in 2018 and has quickly expanded to operate in numerous states, including Washington.

## IV.    FACTUAL ALLEGATIONS

**A.      Home equity and reverse mortgage lending.**

10.     Home equity is the single largest asset for many lower and middle income families. *See* Jenny Schuetz, *Rethinking homeownership incentives to improve household financial security and shrink the racial wealth gap*, Brookings Institute, December 9, 2020, available at https://perma.cc/74E7-YKG8 ("For households in the three middle-income quintiles, home equity is the largest single financial asset, representing between 50% and 70% of net wealth.").

11.     Homeowners can use the equity they have built up in their homes as collateral for debt. But this comes at a significant risk when the lender has the power to foreclose on the home, such that the borrower can be forced out of their home.

12.     A reverse mortgage loan is a risky financial product that permits a homeowner to borrow against their home equity.

13.     Reverse mortgages vary, but they typically have three core features:

    a.      The lender provides one or more advance payments to the borrower, calculated based on the value of their home.

    b.      The loan is secured by a mortgage on the home.

    c.      And then when certain triggering events occur—such as sale of the home, death of the homeowner, or default—payment comes due in the form of a large balloon payment.

14.     Reverse mortgages are also nonrecourse, meaning that the lender cannot recover more than the value of the home.

15.     With a typical forward mortgage, the homeowner will make their mortgage

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

payments out of their income, while the property just serves as collateral in the case of a default.

16.     With a reverse mortgage, in contrast, the lender generally anticipates being paid not from the borrower's income, but from the future sale of the home. That is because the ultimate balloon payment will ordinarily be significantly larger than what the homeowner can pay, with borrowers often take out reverse mortgages because they were already having trouble making ends meet.

17.     As a result, payment of a reverse mortgage will often require a sale of the home, with the borrower having to pay out a significant portion of the sale proceeds to the lender.

18.     Experts, courts, and legislatures have overwhelmingly concluded that reverse mortgages are risky financial products. This arises from the large balloon payment, misleading advertising practices, aggressive sales tactics, complex financial structures, and a target population that is already having trouble making ends meet.

19.     The most dangerous forms of reverse mortgages involve a single lump-sum payment up front to an individual based on the value of their home. *See, e.g.*, Nick Penzenstadler & Jeff Kelly Lowenstein, *Seniors were sold a risk-free retirement with reverse mortgages. Now they face foreclosure.*, USA Today (June 11, 2019, https://perma.cc/28FB-JSDS). This number will often seem high to cash-strapped homeowners, but the reason the number is so high is that their home is being put on the line and they will be required to pay far more on the back end—and potentially sell their home to pay it.

20.     The 2008 financial crisis was devastating for homeowners with reverse mortgages, and thousands of people lost their homes.

21.     Subsequently, Washington and many other states, as well as the federal government, have heavily regulated reverse mortgage lending to protect consumers.

22.     In the wake of the 2008 crisis, the Washington legislature passed an amendment to the Consumer Loan Act that regulates reverse mortgages. *See* 2009 Wash. Legis. Serv. Ch. 149 (H.B. 1311).

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

23.     Any proprietary reverse mortgage product must be pre-approved by Washington's Department of Financial Institutions prior to it being sold in Washington. RCW 31.04.525(1); *see also* Wash. State Dep't Fin. Insts., *Proprietary Reverse Mortgages*, https://perma.cc/RQ4T-X74W.

24.     Washington law requires that before a lender accepts a final application for a reverse mortgage loan, it must refer a prospective borrower to an independent housing counseling agency. RCW 31.04.515(9).

25.     A reverse mortgage lender must receive a certification that such counseling has occurred before assessing any fees or finalizing the loan. RCW 31.04.515(10).

26.     Reverse mortgage loans cannot be made to a Washington state resident unless the resident is at least sixty years old on the date of the execution of the loan. RCW 31.04.515(11).

27.     Washington law also protects borrowers from unfair reverse mortgage lending practices by prohibiting lenders from requiring the purchase of insurance or any other financial product as a condition of obtaining a reverse mortgage loan. RCW 31.04.515(7); RCW 31.04.515(8)(b).

28.     The deed of trust must conspicuously disclose that it secures a reverse mortgage. 31.04.515(6).

29.     In addition, Washington law requires that all lenders making loans covered by the Consumer Loan Act be licensed by the state before they make such loans. RCW 31.04.035(1).

30.     If a loan is made without proper licensing, any fees charged in connection with the origination of the loan must be refunded. RCW 31.04.035(2)(a).

31.     Unlicensed lenders cannot charge interest at a rate exceeding 12% simple interest per annum. RCW 19.52.020(1). No licensee making loans under the Consumer Loan Act in Washington may lend money at a rate exceeding 25% simple interest per annum. RCW 31.04.105(1).

CLASS ACTION COMPLAINT - 5

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

32.     Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

33.     Lenders are further prohibited from obtaining at the time of closing of a loan "a release of future damages for usury or other damages or penalties provided by law." RCW 31.04.027(1)(k).

**B.      Hometap incorrectly claims that its product is not a residential mortgage loan.**

34.     Hometap does not follow these laws. Instead, the company claims that it is entirely exempt from any lending laws because its product is not a mortgage loan. Hometap instead calls its product an "Option Purchase Agreement."

35.     But no matter how Hometap labels its product, it is a mortgage loan.

36.     Hometap provides homeowners with an advance of money, which it calls the "Investment Amount." In exchange, it receives a future payment obligation from the borrower. All of the triggering events for a "Hometap Option Exercise" involve a payment obligation to Hometap. When one of the triggering events occurs (sale, death, buyout, 10-year term expires, or default), Hometap is guaranteed to receive a payout called the "Hometap Share."

37.     That payment obligation is secured by a deed of trust on a person's home.

38.     In other words, Hometap provides consumers with an advance of money, secures that advance by taking a mortgage on their home, and then requires payment within 10 years or less. That is a residential mortgage loan under Washington law. RCW 31.04.015(24).

39.     Hometap's product is also a reverse mortgage under Washington law, which is a specific kind of residential mortgage loan. Hometap's product involves a lump sum advance of money, secured by a deed of trust, and a balloon payment that comes due when certain triggering conditions are met, including if the homeowner sells, dies, or defaults. RCW 31.04.505(5).

40.     Not only does Hometap ensure that it will get a future payment, but Hometap has also ensured that this "option" payout will include its advance plus considerable interest.

CLASS ACTION COMPLAINT - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Hometap does this in significant part by advancing the homeowner a much smaller percentage of the home's value than the percentage of the home's value that Hometap will receive when payment comes due.

41. Accordingly, Hometap has ensured that it will not share in a homeowner's losses in home value.

42. This is not the only way that Hometap ensures its future payment. On information and belief, Hometap also uses sophisticated models to target specific regions, areas, neighborhoods, and even homes to ensure that it picks homes that are most likely to generate significant profits for Hometap.

43. Hometap also charges the homeowner an origination fee of thousands of dollars. These thousands of dollars in fees reduce the advance payment the homeowner receives and thus increase Hometap's profit upon repayment.

44. During the term of the loan, Hometap is not a co-owner in the property, nor is it a partner with the homeowner. Instead, the homeowner is liable for the entirety of the burdens and obligations of homeownership, including taxes, insurance, and maintaining or repairing the home.

45. Hometap does not intend to be a co-owner of the property, and instead the goal of the contract is to ensure that Hometap is paid back its initial advance plus interest.

46. If the borrower fails to stay current on the obligation to cover all taxes, insurance, maintenance, and repairs, Hometap can foreclose on the home or make "Hometap Cure Payments," which Hometap can then recover with interest from the borrower.

47. Hometap secures its future payment and the borrower's obligations through a deed of trust.

48. Hometap records the deeds of trust on the homes of borrowers.

49. In sum, Hometap has structured its product from top to bottom to ensure that as a practical matter it will receive repayment of its advance plus interest.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.    The Hoffmans borrowed money from Hometap.**

50.    Rick and Romy Hoffman are two of the many Washington homeowners who have been ensnared by Hometap's product.

51.    The Hoffmans purchased their home on Hat Island in 2006. The home was originally used as a vacation home, but it then became the Hoffmans' primary residence from 2007 to 2013, when they moved into the home full-time along with their two then-teenaged sons. They lived in a few other rental homes between 2013 and 2020, retaining the Hat Island home as their financial anchor and planned place of retirement. The Hoffmans ultimately moved back into the Hat Island home full-time in 2020 and have lived there ever since.

52.    Prior to late 2021, money was generally tight for the Hoffmans, but they were able to keep up with their mortgage on the Hat Island home through Mr. Hoffman's work selling boats and Ms. Hoffman's cleaning business.

53.    In 2021, things got tough for the Hoffmans. Mr. Hoffman was diagnosed with kidney cancer. In early 2022, he underwent surgery to remove his kidney. During the same time period, Ms. Hoffman had serious medical issues with her feet, requiring surgery and time off from income-generating work.

54.    As a result of their serious medical problems, the costs of medical care, and the time needed away from work to receive treatment and recover, the Hoffmans were in a dire financial situation.

55.    The Hoffmans' primary asset was their Hat Island home.

56.    Desperate for cash and falling behind on their mortgage amid their health crises, the Hoffmans began researching possible home equity loan options. They first learned about Hometap through online research.

57.    The Hoffmans filled out an online application for a Hometap loan, along with several other loan products. Their applications were declined or deferred by other lenders. But they received an email back from Hometap agent Nicole Garber regarding the remaining steps in the process to obtain a Hometap loan.

CLASS ACTION COMPLAINT - 8

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

58. The Hoffmans were required to get an appraisal on their Hat Island property as part of the approval process. Because their property is located on a remote island with no public transportation access, the appraisal cost $2,875. Their home's appraised value was $600,000.

59. After the appraisal, the Hoffmans received paperwork from Hometap stating the general terms of the offered Option Purchase Agreement, including an "Investment Amount" of $179,000, representing 29.833% of the appraised value of the home. In exchange for this payment, the agreement provides that Hometap has an "option" to receive 49.722% of the home's value if the home appreciates and 41.435% of the home's value if the home depreciates.

60. The summary of terms also explained that the Hoffmans would have to pay an "Investment Fee" of $5,370, the appraisal fee, and over $1,000 in other fees and costs at closing.

61. The Hoffmans were also required to pay off the second mortgage on their property as part of the closing of the Hometap loan. Their second mortgage payoff amount was $61,200. As a result, the net payment to the Hoffmans was $108,220.35 even though their loan was for $179,000.

62. The closing process was supposed to take approximately 30 days. However, the process ended up taking close to 90 days before the Hoffmans were able to access the Hometap loan funds. By the time they were finally able to close, the Hoffmans were desperate for cash.

63. Hometap did not refer the Hoffmans to an independent counseling agency prior to entering into the Option Purchase Agreement.

64. On February 18, 2022, the Hoffmans signed the Option Purchase Agreement at a title company in Lynnwood, Washington.

65. The Hoffmans never saw the complete Option Purchase Agreement before they arrived at their signing appointment.

CLASS ACTION COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

66.     Under the terms of the Option Purchase Agreement, the Hoffmans were required to grant Hometap a mortgage on their home, secured by a deed of trust, which secured their obligations under the agreement on penalty of foreclosure.

67.     The Hoffmans did not have the opportunity to negotiate the terms of the contract.

68.     The contract requires the Hoffmans to pay Hometap 41.435% to 49.722% of their home's value in ten years. Or, if one of several events occurs, they must pay Hometap even earlier: (1) if they sell their home; (2) if they choose to repay early to avoid losing their home; (3) if they both pass away; or (4) a default. A default would also permit Hometap to foreclose to protect its future payment.

69.     After finally receiving the funds, the Hoffmans used the money to pay for their living and medical expenses, as well as to purchase a commuter boat needed to travel from Hat Island to their various medical appointments on the mainland.

**D.     Hometap tries to prevent homeowners from vindicating their rights in court.**

70.     On information and belief, Hometap has been aware for years of the risk that its products will be considered loans under federal and state laws.

71.     Hometap attempts to dodge this risk by stating that its product "IS NOT A LOAN" but is instead "AN AGREEMENT PURSUANT TO WHICH A HOMEOWNER RECEIVES PAYMENT IN EXCHANGE FOR AN OPTION TO PURCHASE A SPECIFIED PERFENTAGE INTEREST IN THE HOMEOWNER'S HOME THAT MAY BE EXERCISED IN THE FUTURE." In practice, however, the product functions like a loan, and the "option" will always be exercised by Hometap.

72.     The Option Purchase Agreement also purports to waive a homeowner's rights to a jury trial and to pursue a case on behalf of a class or in a representative capacity.

73.     The Option Purchase Agreement also includes a mandatory arbitration clause. Yet federal law prohibits arbitration clauses in residential mortgage loans, precisely because it is so important that homeowners can get before a court to save their home. 15 U.S.C. § 1639c(e).

CLASS ACTION COMPLAINT - 10

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V.    CLASS ACTION ALLEGATIONS

74.    Pursuant to Civil Rule 23, the Hoffmans bring this case on behalf of themselves and of a proposed Class defined as follows:

> All persons who have entered into an Option Purchase Agreement
> with Hometap on a property located in Washington.

Excluded from the Class is any entity in which Hometap has a controlling interest, officers or directors of Hometap, this Court and any employees assigned to work on this case, and all employees of the law firms representing Plaintiffs and the Class.

75.    Numerosity: A non-exhaustive search of public records in King County, Washington shows approximately 234 deeds of trust recorded in favor of Hometap in King County alone. Thus, there are likely hundreds of members of the proposed Class.

76.    As a result, on information and belief, there are more than 100 members of the proposed Class.

77.    Commonality and Predominance: Hometap's conduct is based on its standard practices and form Option Purchase Agreements. As a result, the Hoffmans' claims raise common issues that predominate over individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

78.    There exist questions of law and fact common to the Hoffmans and the proposed Class, including but not limited to:

a.    Whether Hometap's Option Purchase Agreement creates a residential mortgage;

b.    Whether Hometap's Option Purchase Agreement creates a reverse mortgage;

c.    Whether Hometap is subject to the requirements of the Consumer Loan Act;

d.    Whether Hometap's Option Purchase Agreement has been approved by the Department of Financial Institutions;

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

e.    Whether the transaction fees charged by Hometap in connection with the Option Purchase Agreement are unlawful;

f.    Whether the interest rate Hometap collects on its Option Purchase Agreements is unlawful;

g.    Whether Hometap requires consumers to obtain insurance or other financial products as a condition of entering into an Option Purchase Agreement;

h.    Whether requiring consumers to obtain insurance as a condition of entering into an Option Purchase Agreement is unlawful;

i.    Whether Hometap's standard policy fails to refer applicants for Option Purchase Agreements to an independent housing counseling agency;

j.    Whether Hometap's representation that its Option Purchase Agreement is "not a loan" is false, misleading, or deceptive;

k.    Whether Hometap's fee-shifting clause in the Deed of Trust is unenforceable;

l.    Whether Hometap's Option Purchase Agreement constitutes an unconscionable contract under Washington law;

m.    Whether Hometap's conduct violates the Washington Consumer Protection Act;

n.    Whether Hometap's conduct violates the Washington Consumer Loan Act; and

o.    The nature and extent of the injury to the Class and the measure of compensation for such injury.

79.    Typicality: The Hoffmans' claims that are typical of the claims of the Class. The Hoffmans' claims, like the claims of the Class, arise out of the same common course of conduct, are subject to uniform policies, and are based on the same legal and remedial theories.

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

80.    Adequacy of Representation: The Hoffmans are appropriate representatives for the Class and will fairly and adequately protect the interest of the Class. The Hoffmans understand and are willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. The Hoffmans have no interests that directly conflict with the interests of the Class. The Hoffmans have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including specifically consumer litigation relating to hidden mortgage lending products. The Hoffmans and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

81.    Superiority: The Hoffmans and members of the Class suffered harm and damages as a result of Hometap's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The Class members are readily identifiable from Hometap's records, and there will be no significant difficulty in the management of this case as a class action.

82.    Injunctive Relief: Hometap's conduct in uniform as to all members of the Class. Hometap has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## VI.    FIRST CLAIM FOR RELIEF

**Per Se Violations of the Consumer Protection Act – Violation of Consumer Lending Act**

83.    The Hoffmans and Hometap are "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

84.    The Consumer Loan Act provides that "[a]ny violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair and deceptive act or practice and unfair method of competition in the conduct of trade or

CLASS ACTION COMPLAINT - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

commerce in violation of RCW 19.86.020." Accordingly, violations of the Consumer Loan Act are per se violations of the Consumer Protection Act.

85.    The Consumer Loan Act further provides that "the practices governed" by it "are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW."

86.    Hometap's Option Purchase Agreement with the Hoffmans created a residential mortgage loan.

87.    A residential mortgage loan is "*any* loan primarily for personal, family, or household use that is secured by a mortgage, deed of trust, or other consensual security interest on a dwelling, as defined in the truth in lending act, or residential real estate upon which is constructed or intended to be constructed a dwelling." RCW 31.04.015(24) (emphasis added).

88.    In exchange for Hometap's advance of funds, the homeowner is required to pay Hometap at a future time.

89.    That obligation is secured by a deed of trust on a dwelling.

90.    The Hoffmans used the advance primarily for personal, family, or household use.

91.    Hometap's product is also "reverse mortgage loan," which is a specific kind of residential mortgage loan. Washington law provides the requirements for reverse mortgages. A reverse mortgage is "a nonrecourse consumer credit obligation." RCW 31.04.505(5). Reverse mortgages are secured through: "A mortgage, deed of trust, or equivalent consensual security interest securing one or more advances is created in the borrower's dwelling." This secures a payment obligation through which: "Any principal, interest, or shared appreciation or equity is due and payable, other than in the case of default, only after: (i) The consumer dies; (ii) The dwelling is transferred; or (iii) The consumer ceases to occupy the dwelling as a dwelling." *Id.* Reverse mortgage lenders must also be "licensed under Washington state law or exempt from licensing under federal law." RCW 31.04.505(5).

CLASS ACTION COMPLAINT - 14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

92.     Hometap's product meets this definition as well. *See Olson v. Unison Agreement Corp.*, 2025 WL 2254522, at *2–5 (9th Cir. Aug. 7, 2025) (finding that a similar product meets the Washington statute's definition of a "residential mortgage loan" and a "reverse mortgage loan").

93.     Hometap has never been licensed to make loans in Washington.

94.     As a result, Hometap violated the Consumer Loan Act by making loans to the Hoffmans and other Washington homeowners without licensing or approval.

95.     Because Hometap is not licensed to make loans in Washington, it is not permitted to charge interest of more than 12% simple interest per annum. RCW 19.52.020(1).

96.     Hometap's Option Purchase Agreement required the Hoffmans to purchase and maintain homeowners' insurance as a condition of making the loan. This violates the Consumer Loan Act, RCW 31.04.515(7), (8)(b).

97.     Hometap failed to refer the Hoffmans to an independent counseling agency prior to entering into the Option Purchase Agreement. As a result, Hometap violated the Consumer Loan Act. RCW 31.04.515(9); RCW 31.04.515(10).

98.     Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

99.     Hometap violated this prohibition by advertising its product to the Hoffmans as an "investment" and "not a loan."

100.    Hometap loaned money to the Hoffmans through the Option Purchase Agreement despite the fact the Hoffmans were only 56 and 58 at the time the loan was made. As a result, Hometap violated the Consumer Loan Act, which prohibits reverse mortgage lending to any person under the age of 60. RCW 31.04.135.

101.    Therefore, Hometap has violated the Consumer Loan Act in numerous ways. Each violation is a per se violation of the Consumer Protection Act.

CLASS ACTION COMPLAINT - 15

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

102.    Hometap's unlawful actions caused the Hoffmans to lose money charged as unlawful "transaction fees."

103.    The Hoffmans are therefore entitled to legal relief against Hometap, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

104.    The Hoffmans are also entitled to injunctive relief in the form of an order prohibiting Hometap from selling its unfair and deceptive Option Purchase Agreements to Washington consumers.

105.    The Hoffmans are also entitled to reformation of the Option Purchase Agreement to comply with Washington's lending laws, and/or to rescission of the Option Purchase Agreement.

## VII.    SECOND CLAIM FOR RELIEF

### Violation of the Consumer Protection Act – Unfair Acts or Practices

106.    The Hoffmans and Hometap are "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

107.    Hometap's conduct described above is unfair within the meaning of the Washington Consumer Protection Act.

108.    Hometap engaged in unfair acts or practices by marketing and selling its Option Purchase Agreement to the Hoffmans and other Washington consumers in a manner that purposely attempts to avoid residential mortgage and reverse mortgage lending laws. Hometap's Option Purchase Agreements are immoral, unethical, oppressive, and/or unscrupulous.

109.    Hometap further engaged in unfair acts or practices by drafting an unconscionable contract.

110.    Hometap's marketing and sale of its Option Purchase Agreements occurred in trade or commerce within the meaning of the Washington Consumer Protection Act, and were and are capable of injuring a substantial portion of the public.

CLASS ACTION COMPLAINT - 16

111.    Hometap's unfair acts or practices impact the public interest because they have injured the Hoffmans, have injured at least hundreds of Washington consumers, and have the capacity to injure hundreds or thousands of other Washington residents.

112.    As a direct and proximate result of Hometap's unfair acts or practices, the Hoffmans have suffered an injury in fact and lost money. Specifically, the Hoffmans' injuries consist of the transaction fees they paid to Hometap and the impairment to their property rights created by the Option Purchase Agreement and Hometap's deed of trust on their home.

113.    The Hoffmans are therefore entitled to legal relief against Hometap, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

114.    The Hoffmans are also entitled to injunctive relief in the form of an order prohibiting Hometap from selling its unfair Option Purchase Agreements to Washington consumers.

115.    The Hoffmans are also entitled to reformation of the Option Purchase Agreement and/or to rescission of the Option Purchase Agreement.

**VIII.    THIRD CLAIM FOR RELIEF**

**Violation of the Consumer Protection Act – Deceptive Acts or Practices**

116.    Hometap and the Hoffmans are "persons" within the meaning of the Washington Consumer Protection Act.

117.    Hometap's conduct described above is deceptive within the meaning of the Washington Consumer Protection Act.

118.    Hometap engaged in deceptive acts or practices by marketing and selling its Option Purchase Agreement to the Hoffmans and other Washington consumers in a manner that purposely misrepresents the nature of the product. Hometap repeatedly represents that the product is "not a loan," but its product is a residential mortgage loan and a reverse mortgage loan. These acts or practices are deceptive within the meaning of the CPA because they have the capacity to deceive Washington consumers.

CLASS ACTION COMPLAINT - 17

119. Hometap's marketing and sale of its Option Purchase Agreement occurred in trade or commerce within the meaning of the Washington Consumer Protection Act and were and are capable of injuring a substantial portion of the public.

120. Hometap's deceptive acts or practices impact the public interest because they have injured the Hoffmans, have injured at least hundreds of Washington consumers, and have the capacity to injure hundreds or thousands of other Washington residents.

121. As a direct and proximate result of Hometap's unfair acts or practices, the Hoffmans have suffered an injury in fact and lost money. Specifically, the Hoffmans' injuries consist of the transaction fees they paid to Hometap and the impairment to their property rights created by the Option Purchase Agreement and Hometap's deed of trust on their home.

122. The Hoffmans are therefore entitled to legal relief against Hometap, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

123. The Hoffmans are also entitled to injunctive relief in the form of an order prohibiting Hometap from selling its deceptive Option Purchase Agreement to Washington consumers.

124. The Hoffmans are also entitled to reformation of the Option Purchase Agreement and/or to rescission of the Option Purchase Agreement.

## IX.    FOURTH CLAIM FOR RELIEF

### Consumer Protection Act Injunctive Relief Claim on Behalf of Washington Consumers

125. Under the Washington Consumer Protection Act, "[a]ny person who is injured in his or her business or property" by a CPA violation "may bring a civil action in superior court to enjoin further violations." RCW 19.86.090.

126. For the reasons stated above, Hometap has violated the Washington Consumer Protection Act, and the Hoffmans have been injured in their property by those violations. As a result, the Hoffmans have standing to seek an injunction to protect the public interest from future violations. *See Hockley v. Hargitt*, 82 Wn.2d 337, 350–51 (1973).

CLASS ACTION COMPLAINT - 18

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

127.    Therefore, the Hoffmans seek an injunction prohibiting Hometap from continuing its unfair and deceptive practices in Washington. Specifically, the Hoffmans ask the Court to enjoin the use of Hometap's Option Purchase Agreement in Washington.

**X.      FIFTH CLAIM FOR RELIEF**

**Declaratory Relief – Unconscionable Contract**

128.    Any person with an interest in a written contract "may have determined any questions of construction or validity arising under the … contract and obtain a declaration of rights, status or other legal relations thereunder." RCW 7.24.020.

129.    Hometap's Option Purchase Agreement is unconscionable for the following reasons:

a.    Hometap is a large financial company engaged in the business of soliciting homeowners and placing them in agreements like the one entered by the Hoffmans;

b.    Hometap and the Hoffmans, and other similarly situated consumers, occupy significantly unequal bargaining positions;

c.    Hometap drafted all documents, amounting to over 40 pages in the funding package, and presented them as contracts of adhesion;

d.    Hometap provided no meaningful explanation of the true costs of the contracts;

e.    Hometap failed to provide accurate disclosures related to the transaction and cost of credit as required by law, and instead provided purported disclosures that were misleading, misstated the risks and costs of the transaction, and were confusing;

f.    Hometap drafted the documents to be confusing, and the contracts are extremely lengthy, contain legalese, repeatedly cross reference other documents, and include extremely difficult to understand terms;

g.    Hometap drafted and presented the documents in a manner that

CLASS ACTION COMPLAINT - 19

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

exploited the unequal bargaining power of the parties such that consumers like the Hoffmans would not and could not understand the full nature and consequences of the transaction;

h.    Hometap required that homeowners, such as the Hoffmans, transfer wealth from themselves to Hometap by requiring the homeowners to bear all costs in order to protect and increase Hometap's profit, including costs associated with the purchase of the property, the costs of maintenance of the property, payment of taxes and insurance, payment of all seller's costs, and payment of additional fees;

i.    The actual cost of the transaction to the Hoffmans and similarly situated consumers is extremely high; and

j.    The terms of the transaction are substantially one-sided in favor of Hometap, which drafted the documents and their terms, and guarantee a substantial rate of return to Hometap at very limited cost or risk, while placing an outsized burden of the costs and risks on the Hoffmans, and similarly situated consumers, as described above.

130.    The unconscionable terms pervade the entire agreement.

131.    The Hoffmans thus seek a declaration that the entire agreement is unconscionable and thus is void and unenforceable.

**XI.    SIXTH CLAIM FOR RELIEF**

**Declaratory Relief – Fee Shifting Provision Unenforceable**

132.    Any person with an interest in a written contract "may have determined any questions of construction or validity arising under the … contract and obtain a declaration of rights, status or other legal relations thereunder." RCW 7.24.020.

133.    The Deed of Trust Security Agreement provides that one of obligations secured by it is "[p]ayment of all costs, fees, and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and

CLASS ACTION COMPLAINT - 20

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

disbursements of in-house counsel (collectively, "Legal Fees") incurred by Hometap in the enforcement and collection of the obligations listed above and the protection of Hometap's related rights, whether such costs, fees, and expenses are incurred in any state, federal, appellate, or bankruptcy court or otherwise." This provision purports to apply to any proceeding "in any way related to this Security Instrument, to the interpretation or enforcement of the parti's' rights under this Security Instrument, or to the Property."

134.    The Hoffmans seek a declaration that this fee-shifting provision is unconscionable and unenforceable in this action because they bring claims under the Washington Consumer Protection Act. The CPA provides for fee shifting only to a prevailing *plaintiff*. The Washington Supreme Court has found that a mutual fee shifting term is substantively unconscionable and therefore unenforceable where the statute provides that only a prevailing plaintiff may recover fees. *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 606 (2013).

135.    Because the Hoffmans are filing this Complaint, there is an existing dispute about whether the Hoffmans will be liable to pay Hometap's attorneys' fees in this action.

136.    The parties have genuinely opposing and substantial interests in this dispute, as attorneys' fees for litigation can cost tens of thousands, if not hundreds of thousands, of dollars.

137.    A judicial determination of whether Hometap will be permitted to seek to recover their attorneys' fees if they prevail will provide the parties with certainty and finality regarding their rights and the risks of continuing litigation.

## XII.    PRAYER FOR RELIEF

WHEREFORE, the Hoffmans request relief as follows:

A.    An order certifying the proposed class and appointing the Hoffmans as class representatives and their counsel as class counsel, as soon as practicable;

B.    Declaratory relief determining that the fee-shifting provision in the Option Purchase Agreement is unenforceable in this action;

CLASS ACTION COMPLAINT - 21

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C.    Rescission or reformation of the Option Purchase Agreements;

D.    Actual damages;

E.    Treble damages under the CPA;

F.    Injunctive relief prohibiting Hometap from selling its Option Purchase Agreement to Washington consumers;

G.    Attorneys' fees and costs of suit;

H.    Prejudgment interest; and

I.    Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 18th day of February, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com

By: /s/ Blythe H. Chandler, WSBA #43387
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com

By: /s/ Elizabeth A. Adams, WSBA #49175
    Elizabeth A. Adams, WSBA #49175
    Email: eadams@terrellmarshall.com

By: /s/ Eleanor Eagan, WSBA #64463
    Eleanor Eagan, WSBA #64463
    Email: eeagan@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 22

FILED
2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| RICHARD HOFFMAN | No. 26-2-06184-0  SEA |
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: Ken Schubert, Dept. 40** |
| HOMETAP INVESTMENT PARTNERS III SPV, LCC | |
| | FILED DATE: 02/18/2026 |
| Defendant(s) | TRIAL DATE:02/22/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.**  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

 **King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (ORSCS-CV)
Rev. 04/24/2023

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 02/18/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 07/29/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 07/29/2026 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 08/12/2026 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 09/21/2026 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 11/02/2026 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 11/16/2026 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 11/16/2026 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 01/04/2027 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 01/25/2027 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 02/01/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 02/01/2027 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 02/08/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 02/16/2027 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 02/16/2027 |
|  | Trial Date [*See KCLCR 40*]. | 02/22/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:    02/18/2026

_Averil Rothrock_
_____
PRESIDING JUDGE

FILED

2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

IN THE SUPERIOR COURT OF THE STATE WASHINGTON
COUNT OF KING

| | |
|---|---|
| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10;<br><br>     Defendants. | NO.<br><br>**SUMMONS (20) DAYS** |

TO: HOMETAP INVESTMENT PARTNERS III SPV, LCC:

A lawsuit has been started against you in the above-entitled court by Plaintiffs. The Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiffs are entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS (20) DAYS - 1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

You may demand that Plaintiffs file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiffs. Within fourteen (14) days after you serve the demand, Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

RESPECTFULLY SUBMITTED AND DATED this 18th day of February, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com

By: /s/ Blythe H. Chandler, WSBA #43387
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com

By: /s/ Elizabeth A. Adams, WSBA #49175
    Elizabeth A. Adams, WSBA #49175
    Email: eadams@terrellmarshall.com

By: /s/ Eleanor Eagan, WSBA #64463
    Eleanor Eagan, WSBA #64463
    Email: bchandler@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603

*Attorneys for Plaintiffs*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

SUMMONS (20) DAYS - 2

FILED

2026 FEB 18 02:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

IN THE SUPERIOR COURT OF THE STATE WASHINGTON
COUNT OF KING

| | |
|---|---|
| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10;<br><br>            Defendants. | NO.<br><br>**SUMMONS (20) DAYS** |

TO:    HOMETAP EQUITY PARTNERS, LLC:

A lawsuit has been started against you in the above-entitled court by Plaintiffs. The Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiffs are entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

SUMMONS (20) DAYS - 1

You may demand that Plaintiffs file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiffs. Within fourteen (14) days after you serve the demand, Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

RESPECTFULLY SUBMITTED AND DATED this 18th day of February, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ Blythe H. Chandler, WSBA #43387
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com

By: /s/ Elizabeth A. Adams, WSBA #49175
Elizabeth A. Adams, WSBA #49175
Email: eadams@terrellmarshall.com

By: /s/ Eleanor Eagan, WSBA #64463
Eleanor Eagan, WSBA #64463
Email: bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

*Attorneys for Plaintiffs*

SUMMONS (20) DAYS - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FILED
2026 MAR 16 03:57 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

## KING COUNTY SUPERIOR COURT IN AND FOR THE STATE OF WASHINGTON

| Plaintiff / Petitioner:<br>RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated | Case No:<br>26-2-06184-0 SEA |
| --- | --- |
| Defendant / Respondent:<br>HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10 | DECLARATION OF SERVICE |

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Wed, Mar 04 2026 at 12:58 PM, at the address of 711 Capitol Way South Suite 204, within Olympia, WA, the undersigned duly served the following document(s): Summons, Class Action Complaint, Order Setting Civil Case Schedule, Case Assignment Area Designation and Case Information Cover Sheet, Case Information Cover Sheet and Area Designation in the above entitled action upon Hometap Investment Partners III SPV, LCC, by then and there, personally delivering 1 true and correct copy of the above documents by leaving same with Jeff Miner, Rep at CT Corporation System, Registered Agent .

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the 06 day of March, 2026 at Seattle, WA .
Job No. 15357684

Richard Newland

Halo Messenger Services, LLC
1522 Western Ave
Seattle, WA 98101
206-300-9564

FILED
2026 MAR 16 03:57 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

### KING COUNTY SUPERIOR COURT IN AND FOR THE STATE OF WASHINGTON

| Plaintiff / Petitioner:<br>RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated | Case No:<br>26-2-06184-0 SEA |
|---|---|
| Defendant / Respondent:<br>HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10 | DECLARATION OF SERVICE |

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Wed, Mar 04 2026 at 12:58 PM, at the address of 711 Capitol Way South Suite 204, within Olympia, WA, the undersigned duly served the following document(s): Summons, Class Action Complaint, Order Setting Civil Case Schedule, Case Assignment Area Designation and Case Information Cover Sheet, Case Information Cover Sheet and Area Designation in the above entitled action upon Hometap Equity Partners, LLC, by then and there, personally delivering 1 true and correct copy of the above documents by leaving same with Jeff Miner, Rep at CT Corporation System, Registered Agent .

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the 06 day of March, 2026 at Seattle, WA .
Job No. 15357663

Richard Newland
Halo Messenger Services, LLC
1522 Western Ave
Seattle, WA 98101
206-300-9564

FILED
2026 MAR 16 04:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

THE HONORABLE KEN SCHUBERT
Department 40

IN THE SUPERIOR COURT OF THE STATE WASHINGTON
COUNT OF KING

| | |
|---|---|
| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOMETAP INVESTMENT PARTNERS III SPV, LCC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1-10; <br><br> Defendants. | NO. 26-2-06184-0 SEA <br><br> **NOTICE OF ADDRESS CHANGE** <br><br> **(CLERK'S ACTION REQUIRED)** |

TO:    THE CLERK OF COURT; and

TO:    ALL COUNSEL OF RECORD

PLEASE TAKE NOTE that effective March 18, 2026, Terrell Marshall Law Group PLLC,

counsel for Plaintiffs, will relocate to new offices at the following address:

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109

NOTICE OF ADDRESS CHANGE - 1
Case No. 26-2-06184-0 SEA

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 16th day of March, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Blythe H. Chandler, WSBA #43387
   Beth E. Terrell, WSBA #26759
   Email: bterrell@terrellmarshall.com
   Blythe H. Chandler, WSBA #43387
   Email: bchandler@terrellmarshall.com
   Elizabeth A. Adams, WSBA #49175
   Email: eadams@terrellmarshall.com
   Eleanor Eagan, WSBA #64463
   Email: eeagan@terrellmarshall.com
   1700 Westlake Avenue North, Suite 300
   Seattle, Washington 98109
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

NOTICE OF ADDRESS CHANGE - 2
Case No. 26-2-06184-0 SEA

FILED
2026 MAR 18 10:23 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-06184-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| RICHARD HOFFMAN and ROMY HOFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETAP INVESTMENT PARTNERS III SPV, LLC; HOMETAP EQUITY PARTNERS, LLC; and DOES 1–10,<br><br>Defendants. | NO. 26-2-06184-0 SEA<br><br>NOTICE OF APPEARANCE<br><br>*[Clerk's Action Required]* |

TO:            THE CLERK OF THE COURT

AND TO: PLAINTIFFS, BY AND THROUGH THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE of the appearance of McGuireWoods LLP and Monique R. Wirrick as counsel of record for Defendants Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLC in the above-captioned matter.

Copies of all pleadings, notices, and other documents required to be served in connection with this matter are to be served on the undersigned counsel at the address listed below.

By this appearance, Defendants reserve all rights and do not waive any applicable claims, counterclaims, or defenses, including without limitation, lack of jurisdiction, improper venue, insufficiency of process, removal, failure to state a claim, and failure to join a necessary party.

NOTICE OF APPEARANCE                                1
NO. 26-2-06184-0 SEA

**MCGUIREWOODS LLP**
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795

Dated: March 18, 2026

Respectfully Submitted,

/s/ *Monique Wirrick*
Monique Wirrick, WSBA No. 34093
MCGUIREWOODS LLP
Safeco Plaza
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795
Email: mwirrick@mcguirewoods.com

*Attorneys for Defendants Hometap Investment Partners III SPV, LLC and Hometap Equity Partners, LLC*

NOTICE OF APPEARANCE
NO. 26-2-06184-0 SEA

2

**MCGUIREWOODS LLP**
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, I caused a true and correct copy of the foregoing

Notice of Appearance to be served on the following parties in the manner indicated below:

| | |
|---|---|
| Beth E. Terrell,  WSBA #26759<br>Blythe H. Chandler, WSBA #43387<br>Elizabeth A. Adams, WSBA #49175<br>Eleanor Eagan, WSBA #64463<br>Terrell  Marshall Law Group PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98101<br><br>bterrell@terrellmarshall.com<br>bchandler@terrellmarshall.com<br>eadams@terrellmarshall.com<br>eeagan@terrellmarshall.com<br><br><br>*Attorneys for Plaintiffs* | _____  Via hand delivery<br>_____  Via U.S. Mail, 1st Class, Postage Prepaid<br>_____  Via Overnight Delivery<br>_____  Via Facsimile<br>_X_  Via Email/E-Service<br>_____  Other: _____ |

Dated: March 18, 2026

/s/ *Monique Wirrick*
Monique Wirrick, WSBA No. 34093
MCGUIREWOODS LLP
Safeco Plaza
1001 Fourth Ave, Suite 4368
Seattle, WA 98154-1123
Phone: (206) 336-5185
Fax: (206) 336-5795
Email: mwirrick@mcguirewoods.com

*Attorneys for Defendants Hometap Investment
Partners III SPV, LLC and Hometap Equity Partners,
LLC*